| | |
|---|---|
| 1 | KEVIN V. RYAN (SBN 118321)<br>United States Attorney |
| 2 | JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division |
| 3 | ABRAHAM A. SIMMONS (SBN 146400)<br>Assistant United States Attorney |
| 4 | ANDREW Y.S. CHENG (SBN 164613)<br>Assistant United States Attorney |

U.S. Attorney's Office/Civil Division
450 Golden Gate Avenue, 10th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-6813
Facsimile:    (415) 436-6748

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| LINA S. SIAM,<br><br>                        Plaintiff,<br><br>              v.<br><br>JOHN E. POTTER,<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. C 04-00129 MHP<br>**E-FILING CASE**<br><br>**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTION**<br><br>Pre-Trial:    September 21, 2005<br>Trial Date:   October 4, 2005 |

    Defendant John E. Potter proposes the following additional jury instructions for the Court's consideration.

DATED: September 19, 2005            Respectfully submitted,

                                          KEVIN V. RYAN
                                          United States Attorney


                                      _____/s/_____
                                        ANDREW Y.S. CHENG
                                        ABRAHAM A. SIMMONS
                                        Assistant United States Attorney

JURY INSTRUCTION NO. \_\_\_\_

**SAME ACTOR INFERENCE**

An employer's willingness to promote the employee-plaintiff is strong evidence that the employer is not biased against the protected class to which the employee belongs.  Where the same actor is responsible for promoting and not promoting an employee who is claiming discrimination, a strong inference arises that there was no discriminatory action.

*Coghlan v. American Seafoods Co. LLC.*, 413 F.3d 1090, 1096 (9th Cir. 2005).

**PROPOSED JURY INSTRUCTION NO. \_\_\_\_**

**PROOF OF INTENT**

Plaintiff must show that defendant intentionally discriminated against her because of her race, national origin, or gender. Discrimination law protects individuals against designated types of discrimination, and is not a remedy for perceived injustices or personality clashes in the workplace. It is therefore not enough for Plaintiff to establish merely that he was treated unfairly by USPS management. Rather, Plaintiff must show that USPS treated her differently because of her race, gender, or national origin. Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other innocent reason. Intentional discrimination may be inferred from the existence of other facts, *i.e.*, from circumstantial or indirect evidence.

**Authority:**
*Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 871 (1st Cir. 1997) (personality clash in the workplace is not discrimination); *Hankins v. Temple University*, 829 F.2d 437, 443 (3d Cir. 1987) ("the fact that there may have existed a conflict over personalities . . . does not establish discrimination"); *Breiland v. Advance Circuits, Inc.*, 976 F. Supp. 858, 865 (D. Minn. 1997) (same).