**FILED**

OCT 12 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| LINA S. SIAM, | ) | No. C 04-00129 MHP |
| Plaintiff, | ) ) | |
| | ) | **JURY INSTRUCTIONS** |
| v. | ) ) | |
| JOHN E. POTTER, | ) | Trial:    October 4, 2005 |
| Defendant. | ) ) ) | |

JURY INSTRUCTIONS,
C 04-00129 MHP

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

JURY INSTRUCTIONS,
C 04-00129 MHP

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTIONS,
C 04-00129 MHP

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

JURY INSTRUCTIONS,
C 04-00129 MHP

## WEIGHING CONFLICTING TESTIMONY

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses, but the convincing force of the evidence.

JURY INSTRUCTIONS,
C 04-00129 MHP

## **BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## THE STATUTE DEFINING PLAINTIFF'S CLAIMS

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) is a federal statute that provides:

"It shall be an unlawful employment practice for an employer -

(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's national origin, race and/or sex. . ."

Denying assignments, promotions, benefits and awards given to similarly situated employees based on national origin/race and/or sex is a violation of Title VII because it alters the terms and conditions of employment.

JURY INSTRUCTIONS,
C 04-00129 MHP

## **FAILURE TO PROMOTE**

In order for Plaintiff to prevail on her discrimination claims, she must prove by a preponderance of the evidence (more probable that not):

1. That she was a member of a protected class;
2. That she was qualified for the higher level positions, details and promotions in question;
3. That she was rejected for the higher level positions, details and promotions in question; and
4. That her national origin/race and/or sex was a motivating factor in Defendant's employment decision.

JURY INSTRUCTIONS,
C 04-00129 MHP

## "PROTECTED CLASS STATUS"

An individual is protected from national origin/race discrimination under Title VII if her employer discriminated against her with respect to the terms and conditions of her employment because of her national origin/race and/or sex.

## FAILURE TO PROMOTE - EMPLOYEE UNAWARE OF POSITION (BUT EMPLOYEE "QUALIFIED FOR POSITION")

The "qualification" prong does not require Plaintiff to show she applied for the specific job or jobs at issue where Plaintiff indicated to Defendant that she was interested in being promoted, but was unaware of one or more specific available positions, because Defendant did not post or otherwise publish that the position was open for application.

# NON-DISCRIMINATORY REASON - PRETEXT

If you find that the plaintiff has proven both elements of national origin/race and/or sex discrimination by a preponderance of the evidence, you must find in favor of the plaintiff unless the defendant has articulated a legitimate, non-discriminatory explanation for the adverse employment action taken against the plaintiff. If the defendant has articulated a legitimate, non-discriminatory explanation for the unfavorable action(s) taken against the plaintiff, then you must find in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the defendant's alleged explanation is merely a pretext for impermissible discrimination.

In order to prove that the defendant's alleged explanation is a pretext for impermissible discrimination, the plaintiff must show that the explanation was false, that the decision maker had an unlawful motive, that members of plaintiff's protected group were exposed to disadvantageous terms or conditions of employment, or other evidence of discriminatory animus. Evidence of differences in subjective effects (along with evidence of differences in objective quality and quantity) is relevant to determining whether or not defendant discriminated against plaintiff based on her national origin/race and/or sex.

In judging whether defendants' explanation is false or unworthy of credence, you may consider, among other things:

(1) any weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendants' explanation; and

(2) the extent to which plaintiff was treated differently or more harshly than other employees, similarly situated.

JURY INSTRUCTIONS,
C 04-00129 MHP

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTIONS,
C 04-00129 MHP

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

JURY INSTRUCTIONS,
C 04-00129 MHP

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

JURY INSTRUCTIONS,
C 04-00129 MHP